Hinsdale v Hurley (2026 NY Slip Op 50409(U))

[*1]

Hinsdale v Hurley

2026 NY Slip Op 50409(U)

Decided on March 27, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 27, 2026
Supreme Court, Rensselaer County

Irene C. Hinsdale, Plaintiff,

againstKevin Hurley, Defendant.

Index No. EF2021-269240

Cohen & Cohen Law, LLC
Steven Cohen, Esq., of counsel
Rachel Persaud, Esq., of counsel
For Plaintiff
Kevin Hurley
Defendant pro se

Noel Mendez, J.

On January 28, 2026, Defendant filed an order to show cause pursuant to CPLR 317 and 5015 (a) (4), alleging he was not properly served in this action. The Court signed the order to show cause, granting a Traverse hearing, but otherwise denied all other relief, including his request that his funds from KeyBank be released. On February 27, 2026, this Court heard oral argument. Thereafter, this Court issued a Decision and Order, dated March 3, 2026, scheduling a Traverse hearing (NYSCEF Doc. No. 15).
Plaintiff presented no witnesses or evidence at the Traverse hearing. Thus, Plaintiff failed to prove proper service by a preponderance of the evidence (see generally Steuhl v CRD Metalworks, LLC, 159 AD3d 1182, 1184 [3d Dept 2018] [failure to carry burden of [*2]demonstrating proper service by a preponderance of the evidence requires dismissal for lack of personal jurisdiction]).
CPLR 5015 (a) (4) states that the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of lack of jurisdiction to render the judgment or order. Defendant's application, made via order to show cause, to vacate the default judgment entered on November 19, 2021, is granted pursuant to CPLR 5015 (a) (4).
Finally, CPLR 3211 (a) (8) states a party may move for judgment dismissing one or more causes of action asserted against him on the ground that the court has not jurisdiction of the person of the defendant. The underlying action is dismissed in its entirety for lack of personal jurisdiction pursuant to CPLR 3211(a)(8).
In light of the foregoing, it is hereby
ORDERED and ADJUDGED, that the Judgment, entered November 19, 2021, in the Office of the Rensselaer County Clerk, be marked vacated by said Clerk, and the Clerk is hereby directed to do so; and it is further
ORDERED and ADJUDGED, that KeyBank, N.A., is directed to release the funds currently held in Defendant's account.
This shall constitute the Decision and Order of this Court. The Court has uploaded this original Decision and Order to the case record in this matter as maintained on the New York State Court Electronic Filing system ("NYSCEF"), whereupon it is to be filed and entered by the County Clerk's Office. Counsel is not relieved from the applicable provisions contained in CPLR 2220 and Section 202.5-b (h) (2) of the Uniform Rules of Supreme and County Courts, insofar as they relate to service and notice of entry, whether by mail or electronic means.
Dated: March 27, 2026
Troy, New York
Hon. Noel Mendez
Acting Justice of the Supreme Court
Papers Considered:
All documents on NYSCEF